UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS ENRIQUE ANGARITA ARIAS,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-3184

Honorable Jane M. Beckering

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### **I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the

community.[1] (Pet., ECF No. 1, PageID.7.) In an order entered on November 10, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 6.) Respondents filed their response and recordings of the August 24, 2026, and the October 1, 2026, bond hearings on November 16, 2026. (Resp., ECF No. 7; Recording of Aug. 24, 2026, Bond Hearing, filed on Nov. 16, 2026; Recording of Oct. 1, 2026, Bond Hearing, filed on Nov. 16, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Venezuela. (Form I-213, ECF No. 7-1, PageID.64.) Petitioner was encountered and arrested by ICE in Miami, Florida, on July 30, 2026. (*Id.*, PageID.65.)

On August 24, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 1-1, PageID.35.) The Immigration Judge denied Petitioner's request for bond because:

> First, the Court finds that it lacks jurisdiction to set a bond, as [Petitioner] was transferred to Northlake [sic] Detention Center located in Baldwin, MI. [S]ee Matter of Vicaino Aybar. However, at [Petitioner's counsel's] request, he wished to go forward with the bond request despite being given the opportunity for the Court to withdraw his bond request, and the Court to take "no action."
>
> Second, the Court finds that [Petitioner] has not met his burden in establishing that he is NOT a DTC/Public Safety Risk. Nothing has been submitted to meet this burden, such as: FBI/NCIC rap sheet or police clearance letter. [S]ee Matter of Sinauskas.
>
> Finally, after applying the 9 Guerra factors, [Petitioner] has not met his burden in establishing that he is a suitable bail risk based on [Petitioner's] manner of entry; several different addresses for [Petitioner]; [Petitioner] has not provided the Court

[1] Petitioner also filed a Motion for Service of Process and All Court Notices to Designated Mailing Address by U.S. Mail. (ECF No. 3). In the motion, Petitioner asks the Court to take certain actions during the pendency of the action. (*See id.*) As set forth herein, the Court will conditionally grant Petitioner's § 2241 petition, which resolves the case. Therefore, Petitioner's motion, asking the Court to take certain actions during the pendency of the action, is moot.

> with evidence that [Petitioner] owns property in the US; has savings in the US; and has family ties in the US. [S]ee Matter of Guerra.

(*Id.*)

**III. Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if

and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 24, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge